**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 14-1895**

—————————

BYRON R. BARTLETT; CONNIE J. BEALS-BARTLETT,

             Plaintiffs - Appellants,

      v.

BANK OF AMERICA, NA,

             Defendant - Appellee.

—————————

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Marvin J. Garbis, Senior District Judge.  (1:13-cv-00975-MJG)

—————————

Submitted:  February 27, 2015          Decided:  May 20, 2015

—————————

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Scott C. Borison, LEGG LAW FIRM, LLC, San Mateo, California; Phillip R. Robinson, CONSUMER LAW CENTER LLC, Silver Spring, Maryland, for Appellants.  Brian R. Matsui, MORRISON & FOERSTER LLP, Washington, D.C.; Michael J. Agoglia, Angela E. Kleine, MORRISON & FOERSTER LLP, San Francisco, California, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Byron R. Bartlett and Connie J. Beals-Bartlett appeal the district court's order granting Bank of America, NA's (BOA) motion to dismiss and dismissing for failure to state a claim their class action complaint seeking damages for BOA's alleged failure to comply with the mandatory disclosure requirements of the Fair Credit Reporting Act (FCRA) — specifically, 15 U.S.C. § 1681g(g) (2012). On appeal, the Bartletts contend that the district court erred in finding § 1681g(g) inapplicable to their loan modification request. Finding no error, we affirm.

We review de novo the district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Sec'y of State for Def. v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Section 1681g(g) requires a mortgage lender to make certain disclosures to a consumer regarding the consumer's credit score when that score is used "in connection with an application

2

initiated or sought by a consumer for a closed end loan or the establishment of an open end loan for a consumer purpose that is secured by 1 to 4 units of residential real property." 15 U.S.C. § 1681g(g)(1). The FCRA provides a private right of action against a mortgage lender that willfully or negligently fails to comply with the disclosure requirements under § 1681g(g). 15 U.S.C. §§ 1681n, 1681o (2012).

On appeal, the Bartletts first contend that § 1681g(g) is not limited to new closed end loan applications but applies to any credit application, including loan modifications. Thus, they argue, Connie's request for a loan modification entitled her to the disclosures mandated by § 1681g(g), and the district court therefore improperly dismissed their complaint.

In support of their argument, the Bartletts discuss the definition of "credit" and cases in which courts have held that loan modifications constitute credit applications. The term "credit" does not, however, appear in § 1681g(g). Rather, the relevant portion of § 1681g(g) applies to "closed end loans." The Bartletts point to no authority supporting a conclusion that a request for modification of an existing loan constitutes an application for a closed end loan under § 1681g(g). Thus, we conclude that the district court correctly found that the Bartletts failed to state a claim that Connie was entitled to the disclosures required by § 1681g(g).

Second, the Bartletts contend that, because Byron was not a borrower on the original mortgage loan, his status as a coborrower on the loan modification requests necessarily made him an applicant for a closed end loan entitled to the disclosures mandated by § 1681g(g). The plain language of § 1681g(g), however, requires disclosure by a mortgage lender only when the lender "uses a consumer credit score . . . in connection with an application initiated or sought by a consumer." 15 U.S.C. § 1681g(g); see Smith v. United States, 508 U.S. 223, 228-29 (1993) (defining "use").

In their complaint, the Bartletts alleged only that BOA obtained Connie's credit score in assessing her eligibility for loan modification. They made no allegation that BOA actually obtained or used Byron's credit scores. Thus, we conclude that the district court properly dismissed the Bartletts' claim that Byron was entitled to the disclosures mandated by § 1681g(g).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4